## MONTOLLA v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
November 28, 1927.

No. 5121.

**1. Criminal law ⟷531(3)—Admission of confession in evidence held not error, where evidence supported finding that it was voluntary.**

Admission in evidence of written confession made by accused *held* not error, where record showed that before confession was admitted, evidence was adduced sufficient to support a finding that confession was voluntary, and was made after accused had been warned that any statement he made might be used as evidence against him.

**2. Criminal law ⟷564(5)—Ruling that venue of offenses committed two miles south of Marfa was In District Court for Western District of Texas held warranted.**

Evidence that offenses were committed about two miles south of Marfa, when accused was coming toward Marfa from the direction of Ruidoso, on the boundary line between the United States and Mexico, judicially known to trial court to be in Presidio county, *held* to support ruling that venue was in District Court for Western District of Texas.

In Error to the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Merejildo Montolla was convicted of criminal offenses, and he brings error. Affirmed.

S. P. Weisiger, of El Paso, Tex. (S. P. Weisiger and W. O. Hamilton, both of El Paso, Tex., on the brief), for plaintiff in error.

John D. Hartman, U. S. Atty., of El Paso, Tex. (John G. Harlan and L. V. Dodson, both of El Paso, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error was convicted under three counts of the indictment charging the commission by him of criminal offenses within the county of Presidio in the Western district of Texas. He complains of the judgment on the grounds that over his objection a written confession made by him was admitted in evidence, without a proper showing that such confession was voluntary, and that the court overruled his motion, made when the evidence for the government was concluded, that the jury be instructed to return a verdict of not guilty, for the reason that the government had not proved the commission within the court's jurisdiction of any offense charged.

[1] The first-mentioned ruling was not erroneous, as the record shows that before the confession was admitted there was adduced evidence amply sufficient to support a finding that the confession was made voluntarily and after the accused had been warned that any statement he made might be used as evidence against him.

[2] The evidence introduced by the government included testimony to the effect that the crimes of which the accused was convicted were committed by him about two miles south of Marfa, when he was coming towards Marfa from the direction of Ruidoso, which is about 60 miles south of Marfa, on the boundary line between the United States and Mexico. It was judicially known to the court that the place indicated in that testimony is in Presidio county, Tex., and within the territorial jurisdiction of the court. It follows that the indictment's allegations as to venue were duly supported, and that the ruling under consideration was not erroneous.

The judgment is affirmed.